IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2011

## MELISSA BETH MACKEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-02594     Carolyn Wade Blackett, Judge**

**No. W2010-01414-CCA-R3-PC  - Filed August 9, 2011**

The petitioner, Melissa Beth Mackey, appeals as of right the Shelby County Criminal Court's denial of her petition for post-conviction relief challenging her conviction of attempted aggravated robbery for which she received a sentence of six years as a Range II, multiple offender.  On appeal, she argues that trial counsel committed ineffective assistance that rendered her guilty plea involuntary.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

David Stowers, Bolivar, Tennessee, for the appellant, Melissa Beth Mackey.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Brooks Yelverton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that the Shelby County Grand Jury indicted the petitioner and her two female codefendants for one count of aggravated robbery and two counts of aggravated kidnapping, alleging alternative counts, committed against Jesslyn Hernandez on January 21, 2008.  On October 7, 2008, the petitioner pled guilty to one count of attempted aggravated robbery.  In exchange for her guilty plea, the petitioner received a sentence of six years as a Range II, multiple offender, and the State dismissed the aggravated kidnapping counts.  On August 7, 2009, the petitioner filed a timely petition for post-conviction relief.  Following the appointment of counsel and amendment of the petition, the trial court held an evidentiary

hearing on May 21, 2010.

The petitioner testified at the evidentiary hearing that "[i]t was very hard to get in contact with [trial counsel]" throughout the pendency of her case. When asked if trial counsel visited her in the jail, the petitioner said equivocally, "If she did, I don't remember but it might [have] been one time but I'm really not for sure." The petitioner did acknowledge, however, that she spoke with trial counsel at each court hearing. The petitioner said that she reported to court "numerous times."

The petitioner testified that she instructed her attorney to interview three witnesses: Heather Bryant, Dedrick Reddick, and Dedrick Wade. She said that Ms. Bryant was present at the scene of the offenses and had witnessed "the whole thing." She said that Mr. Reddick and Mr. Wade knew about the victim's prior violent behavior toward the petitioner and also could have testified that the victim "was a liar." On cross-examination, she claimed that she did not know that Ms. Bryant had told the police that she saw the petitioner hit the victim with a "pool stick" and that she did not know that her codefendants were planning to testify against her at trial.

The petitioner testified that she "had 37 prior aggravated robberies" and that she "went on and pled [in this case] for a six [year sentence be]cause [trial counsel] said it was in [her] best interest" to plead. The petitioner claimed that she "wasn't guilty" but that "in the back of [her[ mind . . . [she]'d rather take this six and go and file for a post-conviction and get some relief from there" instead of "go[ing] through trial and [a jury] actually find [her] guilty of it." On cross-examination, the petitioner admitted that she pled guilty voluntarily, but she claimed that she was guilty of aggravated assault, not aggravated robbery.

Trial counsel testified that the petitioner's case was designated by the district attorney general's office as a "No Deals Case" which meant that it was "very difficult to get reduced." Trial counsel recalled that after speaking with the codefendants and witnesses in the case, she felt that the petitioner was "not in a good position to go to trial." She described the petitioner as a "jailhouse lawyer" who had difficulty understanding that despite the petitioner's claim that the victim was a liar, the witnesses had corroborated the victim's account of the offense and that, given the petitioner's criminal history, a jury was not likely to acquit the petitioner at trial. Trial counsel also recalled that the case was further compromised when the petitioner wrote a letter to the district attorney claiming that she should not be charged because, at the time of the offenses, she had been "turning tricks" to buy drugs and was "high as a kite."

Although the petitioner was facing a 90-year sentence as a career offender, trial counsel testified that she was able to negotiate a plea agreement whereby the State would

drop the aggravated kidnapping charges, reduce the aggravated robbery charge to attempted aggravated robbery, and agree to the trial court's sentencing the defendant as a multiple offender. Trial counsel described the plea agreement as "a sweetheart of a deal."

In its written order, the post-conviction court found that the petitioner failed to present proof that trial counsel did not communicate adequately and also failed to prove any deficient performance concerning the investigation of witnesses. The court further found that the petitioner voluntarily pled guilty to avoid a harsher sentence. Accordingly, the post-conviction court denied relief.

To be successful in a claim for post-conviction relief, a petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2006). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. *See Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. *Id.* at 578.

The petitioner contends that his trial counsel was ineffective. A claim of ineffective assistance of counsel is a mixed question of law and fact. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. *Id.*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Moreover,

-3-

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697). In the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We conclude that the record supports the findings of the post-conviction court. The petitioner failed to present the testimony of any purported witnesses who she claims should have been called at trial. As a consequence, we cannot speculate as to the substance of their testimony or any effect it may have had on the outcome of the proceedings. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish prejudice in that counsel did not properly investigate or call a witness if she does not present the witness to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial). Furthermore, the petitioner admitted that she voluntarily pled guilty to avoid a harsher sentence with plans to "file for a post-conviction and get some relief." The petitioner failed to present clear and convincing proof to establish that trial counsel performed deficiently. Accordingly, the post-conviction court's order denying relief is affirmed.

_____

NORMA MCGEE OGLE, JUDGE